**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3: 12cr200**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| VICTORIA SPROUSE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Notice of Appeal and Motion to Revoke Detention Order. In accordance with 18 U.S.C. § 3145(b), the court has promptly considered the appeal from such detention Order and has conducted a hearing at which the court first considered the Order of detention and then conducted a bond review *de novo*.

**I.   Review**

The Bail Reform Act of 1984 (hereinafter "the Act") authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. The Act has been amended several times, most recently in 2008. 18 U.S.C. §§ 3141-3150. If and when a pre-trial detention hearing should be held is set forth in section 3142(f). Under section 3142(f)(1), a court must hold a detention hearing when: one, the government moves for detention; and, two, the case involves one of the crimes or conditions set forth in section 3142( f)(1)(A)-(E). In all other cases, including the instant case, a court must hold a detention hearing when: one, the government moves for detention; and, two, the case "involves-(A) a serious risk that the person will flee; or (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18

1

U.S.C. § 3142(f)(2). In order to detain a defendant pending trial, the judicial officer must "find[ ] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). Furthermore, "[w]ith regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." United States v. Stewart, 19 Fed. Appx. 46, 48 -49 (4th 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir.1985)(noting that, under the Act, the clear and convincing evidence standard applies only to a determination that "no condition or combination of conditions will reasonably assure the safety of any other person and the community")).

Finally, the factors to be considered in determining whether to release a defendant pending trial are set forth in section 3142(g). Those factors include:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Stewart, 19 Fed. Appx. at 48. The court has reviewed both the written and oral Orders of Honorable David C. Keesler, United States Magistrate Judge, and finds that Judge Keesler properly considered the government's motion for detention as well as the § 3142(g) factors in ordering defendant's detention. Clearly, it is very appropriate to detain a defendant who, while on a federal bond, allegedly commits eight additional federal felonies. Thus, the court will overrule defendant's objections to Judge Keesler's Order of detention.

**II.    *De Novo* Review**

The court has also considered defendant's request for bond, *de novo*. As did Judge

2

Keesler, this court has considered whether there are any conditions or combination of conditions which will reasonably assure the safety of any other person and the community. In reviewing the FTR recording, Judge Keesler specifically considered whether defendant could be returned to bond with home detention without work release, but determined that such course of action was not appropriate as defendant would have no means of support. At the June 20, 2012, hearing, however, counsel for defendant indicated that defendant had in place a network of family and friends who would provide her with support if home detention without work release were allowed.

In response, the government also raised valid concerns as to the potential for defendant tampering with witnesses and/or engaging in additional acts of fraud or economic harm if released. The court does believe that the government's very legitimate concerns can, however, be addressed with a number of strict conditions, including but not limited to:

(1) home detention without work release, with travel outside the home only for documented medical and legal appointments while escorted by a third-party, non-witness, custodian approved by pretrial services;

(2) a restriction on any electronic communication device in the home, including computers, IPads, smart phones, cell phones, telephones and tablets. There shall be one land-line telephone with one line, to which pretrial services shall attach its monitoring devices. A sign must be prominently posted on each entry to home indicating that all computers, phones, and communication devices of any kind are prohibited by court order;

3

>   (3) a prohibition on all contact between defendant and any potential witness for the government; and
>
>   (4) monitoring of all phones calls from the one land line, if the government elects to do so.

The court will also consider any other reasonable condition the government may suggest, and defendant shall remain detained under Judge Keesler's Order of Detention until such time as all conditions set forth above (and any additional conditions) are met. Once such conditions are met, defendant may apply to Judge Keesler for release under such special conditions, the regular conditions of release, and any other condition of release which Judge Keesler believes will protect the community whether suggested by the government, pretrial services, or the court itself.

In reaching these findings of fact, the court considered the nature and circumstances of the charged offense (18 U.S.C. § 3142(f)(1)); the strength of the evidence against defendant (id. § 3142(f)(2)); defendant's character and past conduct, especially in light of her failure to comply with the court's previous conditions of release which provided that she not commit another federal offense while on bail release (id. § 3142(f)(3)(A)); defendant's family's possible involvement or knowledge of the alleged bankruptcy fraud scheme (id. § 3142( f)(2)(A)); and the nature of defendant's employment (id. § 3142( f)(2)(A)), which would likely provide her with easy access to social security numbers, birth dates, heath insurance information, and other information which could be used in a fraudulent manner.

## CONCLUSION

Based on these findings of fact, the government met its initial burden under section 3142(f)(2) that there was "a serious risk that the [defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate,

4

a prospective witness or juror" justifying its original motion before the Magistrate Judge for a detention hearing. The court has fully affirmed Judge Keesler's Order of Detention and overrules defendant's objections.

Based on additional evidence presented at the June 20, 2012, hearing, there appear to be a "condition or combination of conditions" which would reasonably assure the "safety of any other person and the community."

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Notice of Appeal and Motion to Revoke Detention Order (#6) is **DENIED**, and the Order of Detention is **AFFIRMED.**

**IT IS FURTHER ORDERED** that based on the evidence received upon *de novo* review, defendant will be afforded an opportunity for release on bond in accordance with the terms of this Order if such conditions can be met. The court delegates to Judge Keesler determination as to whether such conditions have been met (as well as any other reasonable conditions the government may request) before releasing defendant. Defendant shall indicate to Judge Keesler when she believes she has met such conditions by filing a Motion for Release at the appropriate time. Pending an Order of release from Judge Keesler, defendant shall remain detained.

**The Clerk of Court is instructed to send a courtesy copy of this Order to Judges Reidinger and Keesler, as well as Messrs. Anderson and Terpening in the companion criminal case via ECF.**

Signed: June 20, 2012

Max O. Cogburn Jr.
United States District Judge